JULIO RODRÍGUEZ, demandante y apelante, *v.* LÍNEA FÉRREA DEL OESTE, INC., demandada y apelada.

No. 3297.—*Visto:* Diciembre 12, 1925. *Resuelto:* Abril 30, 1925.

1. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHO—CONCLUSIONES DE LA CORTE SOBRE EVIDENCIA CONTRADICTORIA.—La corte Suprema no revocará las conclusiones de hecho, cuando la evidencia es contradictoria y no se demuestra que hubo parcialidad o prejuicio.

2. NEGLIGENCIA—NEGLIGENCIA CONTRIBUTORIA—ULTIMA OPORTUNIDAD PARA EVITAR EL DAÑO.—La teoría de la última oportunidad para evitar el daño no tiene aplicación cuando la corte sentenciadora, apreciando prueba contradictoria, concluye que el apelante y no el apelado fué negligente, y no da paso a la teoría de la última oportunidad.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando sin lugar la demanda, con costas. *Confirmada.*

*O. M. Wood* y *Luis E. Dubón,* abogados del apelante; *Charles Hartzell, Daniel Kelley* y *Rafael Fernández,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En la fecha que ocurrió el hecho que motiva este pleito la apelada tenía una vía férrea que comunicaba el pueblo de Bayamón con su barrio de Cataño y por la cual transportaba pasajeros en coches movidos por gasolina con cambio

de velocidades como los automóviles, pero que corrían sobre la línea férrea. Al entrar esa vía en Cataño pasa por la calle del Tren, que está cruzada por la calle de San Lorenzo. El 18 de febrero de 1923 un auto-tren de la apelada que conducía pasajeros tuvo un choque en la esquina de la calle San Lorenzo con un automóvil del apelante, quien presentó demanda contra la dueña de dicho tren para que le indemnizara los daños sufridos por su automóvil, alegando que el choque tuvo lugar por negligencia y falta de cuidado del empleado de la demandada que manejaba el auto-tren.

La demandada se opuso a esa reclamación y celebrado juicio recayó sentencia declarando sin lugar la demanda por estimar la corte inferior que la evidencia probó que no hubo negligencia por parte del conductor del auto-tren y que el demandante, conociendo muy bien el sitio donde ocurrió el accidente, no guardó todas las precauciones necesarias, deteniendo el automóvil, si esto era necesario, u observando a uno y otro lado antes de hacer el cruce, y por el contrario se lanzó a la vía férrea en el momento que se acercaba el tren que chocó con dicho automóvil, quedando por estos hechos claramente establecida la negligencia de su parte.

En esta apelación interpuesta por el demandante se alega por éste que la corte inferior erró al estimar que hubo negligencia de su parte; al no declarar que la hubo por parte de la demandada, y al no estimar que aunque el demandante fuera negligente la demandada tuvo la última oportunidad de evitar el choque, y que en la apreciación de la prueba la corte actuó movida por pasión, prejuicio y parcialidad y con manifiesto error.

Como se ve, los tres primeros motivos de error, y en parte el último, giran sobre la apreciación que de la evidencia hizo el tribunal inferior y podemos considerarlos conjuntamente.

La evidencia fué contradictoria, como ocurre en la generalidad de estos casos, pues mientras los testigos del de-

mandante dicen que éste iba despacio con su automóvil al entrar en la calle del Tren para cruzarla; que tocaba el *klaxon* del vehículo; que el auto-tren iba a mucha velocidad; que llevaba luces interiores pero sólo una pequeña luz en la parte delantera, según algunos, y sin esa luz según otros; y que no tocó pito: los testigos del demandado dijeron que el auto-tren tocaba pito; que tenía encendido un foco eléctrico central delantero conectado con su alumbrado interior; que iba a poca velocidad porque acababa de hacer una parada a poca distancia y no podía poner la tercera velocidad hasta después de haber caminado algunos metros; que llegó a la esquina antes que el automóvil, el que iba muy ligero y se metió en la vía; que tan pronto fué visto el automóvil el motorista del auto-tren le puso los frenos; y que el auto-tren estaba en muy buenas condiciones, pues era nuevo.

[1, 2] Ese conflicto en la evidencia lo resolvió la corte inferior dando crédito a la prueba de la demandada, que justifica la declaración de la corte inferior respecto a que el demandante fué negligente, que el empleado de la demandada no lo fué, y que no da paso a la teoría de haber tenido la apelada la última oportunidad para evitar el daño; desición que se halla justificada por contradicción de importancia en que incurrió el demandante, por todo lo que no debemos ir contra la apreciación que de la evidencia hizo dicho tribunal, la que no adolece de manifiesto error como alega el apelante.

La alegación de que el tribunal inferior decidió el conflicto de la evidencia movido por pasión, prejuicio y parcialidad es sencillamente gratuita, pues nada hay en los autos que demuestre tal estado de ánimo en el tribunal sentenciador.

*La sentencia apelada debe ser confirmada.*